UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN JACKSON on behalf of FDC
PRISONERS/WE THE PEOPLE,

    Plaintiff,

v.                                        Case No. 5:22-cv-135-TKW-MJF

RICKY DIXON and RON
DESANTIS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with a court order and the Local Rules, failed to prosecute this action, and failed to pay the filing fee, the undersigned respectfully recommends that this action be dismissed without prejudice.

On July 6, 2022, the undersigned directed Plaintiff to submit an amended complaint on the court-approved form accompanied by the filing fee or a complete application for leave to proceed *in forma pauperis*. Doc. 6. The undersigned provided Plaintiff until August 5, 2022, to comply. *Id.* The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of the action.

On August 3, 2022, Plaintiff filed an objection to the undersigned's order. Doc. 7. On August 8, 2022, the District Court overruled Plaintiff's objection and affirmed the undersigned's order. Doc. 8.

On August 30, 2022, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's order and comply with the Local Rules, failure to prosecute the action, and failure to pay the filing fee. Doc. 9. The undersigned provided Plaintiff until September 29, 2022, to respond. *Id.* The undersigned again warned Plaintiff that the failure to comply with the order would likely result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has failed to comply with that order.

Despite having ample time to prepare and submit an amended complaint accompanied by the filing fee or motion for leave to proceed *in forma pauperis*, Plaintiff has elected not to do so. Further, Plaintiff has failed to provide any explanation—much less good cause—for his failure. Therefore, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** without prejudice this action for Plaintiff's failure to comply with court orders and the Local Rules, failure to pay the filing fee, and failure to prosecute.[1]

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *see* N.D. Fla. Loc. R. 41.1

2.   Direct the clerk of the court to close the case file.

At Pensacola, Florida, this <u>13th</u> day of October, 2022.

                                        <u>/s/ *Michael J. Frank*</u>
                                        **Michael J. Frank**
                                        **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The district court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

(authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Additionally, a court may dismiss a prisoner's case for failure to pay the filing fee so long as the court provides Plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002).